UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTYN R.,

           Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

           Defendant.

CASE NO. C19-0541-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1975.[1] She has college and graduate degrees and previously worked as a music teacher. (AR 38.)

Plaintiff protectively filed for DIB on March 2, 2015, alleging disability beginning September 26, 2014. (AR 236.) The application was denied initially and on reconsideration.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

On May 24, 2017, ALJ Timothy Mangrum held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 29-60.) He held a supplemental hearing, and took testimony from plaintiff and a VE, on October 12, 2017. (AR 61-85.) On February 16, 2018, the ALJ issued a decision finding plaintiff not disabled. (AR 15-23.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on February 20, 2019 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found that, while plaintiff had an unsuccessful work attempt from September to December 2016, she had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's affective disorder, anxiety disorder, post-traumatic stress disorder (PTSD), obesity, and lumbar degenerative disc disease severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work, with the ability to understand detailed and non-detailed instructions, have incidental

contact with the public (i.e., be in the general vicinity of the public, but not working closely), have occasional contact with co-workers, and would be off-task and therefore non-productive and/or working at a slower pace up to seven percent of the workday. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as an office cleaner, plastic products packager, and clerical assistant.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in providing no basis for the assessed "off-task" limitation and in failing to consider her absenteeism and its effects on her ability to maintain employment. She requests remand for an award of benefits or, at least, further proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

RFC

Both of plaintiff's assignments of error target the RFC assessed at step four. At that step, the ALJ must identify plaintiff's functional limitations or restrictions, and assess her work-related abilities on a function-by-function basis. 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96-8p. RFC is the most a claimant can do considering her limitations or restrictions, and is assessed based on all relevant evidence in the record. *Id*. An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r SSA*, 574 F.3d 685, 690 (9th Cir. 2009). The "final responsibility" for decision issues such as an individual's RFC "is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2), 404.1546(c). That responsibility includes "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r, SSA*, 807 F.3d 996, 1006 (9th Cir. 2015).

A.  Percentage of Time Off-Task

Plaintiff asserts an absence of any basis for or explanation of the assessment of a limitation to being off-task up to seven percent of the workday. She points to her testimony she had one-to-two panic attacks a day, lasting fifteen minutes to six hours at a time, and requiring about thirty minutes for her medication to take effect, has to leave after having a panic attack, and is sometimes unable to function due to her back pain. (*See* AR 69-72.) She points to the VE's testimony an employee could, as a general matter, be off-task for around seven percent of a workday. (AR 78.) While the ALJ initially proffered a hypothetical to the VE reflecting an off-task limitation of ten percent, he altered the hypothetical to include a limitation to seven percent after the VE testified he generally tried "to stay with the guideline of seven percent." (AR 78-79.)

Plaintiff argues, given the absence of any support in the record for the off-task limitation adopted other than the VE's testimony, this was a "results-driven" or "results-oriented"

conclusion. The Court disagrees.

Plaintiff testified she could not concentrate and, for example, could not get through more than three pages of a book before becoming distracted. (AR 48.) She testified as to her panic attacks and other symptoms as described above. The ALJ considered plaintiff's testimony and found her statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely consistent with the medical and other evidence of record. (AR 20.) He found plaintiff's testimony inconsistent with evidence of effective treatment and improvement, including, *inter alia*, effective management of her anxiety with medication. He found plaintiff's allegations inconsistent with the medical evidence, including multiple mental status examinations (MSE) with normal findings, relatively mild or normal physical findings, and a refusal by plaintiff's primary care physician to fill out disability paperwork on her behalf due to minimal MRI findings. (AR 20-21.) The ALJ also found inconsistency with plaintiff's activities, including, for example, multiple trips she has taken, such as to California, Mexico, and a cruise. (AR 21.) The record contains plaintiff's request for a letter to avoid the ride queues at an amusement park, reflecting her desire to go on rides which would likely involve significant movement of her back and inconsistency with her allegation of disabling back pain.

The rejection of a claimant's symptom testimony requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Plaintiff does not challenge and the Court finds no error in the ALJ's assessment of her testimony. *See, e.g., Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Orn v. Astrue*, 495 F.3d 625, 639 (9th

Cir. 2007) (activities may undermine credibility where they contradict the claimant's testimony); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ may reject symptom testimony based on inconsistency with the evidence); and *Morgan v. Comm'r of SSA*, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may consider evidence of improvement).

Nor does plaintiff identify a medical opinion or other evidence supporting a greater limitation in functioning than that identified by the ALJ. The ALJ considered the opinion of State agency medical consultant Dr. Carla van Dam that plaintiff's pace was "slightly slow." (AR 21, 100-01.) He assigned this opinion little weight "as it does not represent a functional limitation" or explain how plaintiff would be limited in her ability to work. (AR 21.) "Nonetheless, [the ALJ found plaintiff] would be off-task or working at a slower pace up to 7% of the workday." (*Id*.) The ALJ gave little weight to Dr. Donald Franklin's opinion plaintiff was unable to return to her past work "for 3-4 months," depending on how she responded to treatment, given that the opinion was temporary and would change depending on response to treatment. (AR 21, 445-48.) The ALJ found plaintiff improved with treatment and her symptoms stabilized outside of some situational stressors. The ALJ, finally, gave little weight to Dr. Daniel Singer's opinion assessing up to marked limitations in several functional domains. (AR 21, 372-75.) The ALJ found the opinion not well supported, lacking any citation to treatment notes, MSEs, or other records, and containing a narrative explanation limited to stating plaintiff has PTSD. (AR 21-22.) The ALJ noted the record does not contain treatment notes from Dr. Singer and found the opinion inconsistent with the longitudinal evidence showing good management of her symptoms with medication. He also found inconsistency with plaintiff's ability to go on multiple vacations, "which requires maintaining appropriate behavior around others and having the cognitive ability and flexibility to plan for the vacation accommodations and activities." (AR 22.)

Again, plaintiff does not challenge the ALJ's assessment of the medical opinions of record. The Court finds no error in the ALJ's assessment. *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (ALJ may reject medical opinions lacking any explanation for the bases of conclusions); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may consider inconsistency between an opinion and the evidence of record); *Carmickle*, 533 F.3d at 1165 (affirming ALJ's finding treating physicians' short term excuse from work was not indicative of "claimant's long term functioning."); *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."; ALJ may also consider improvement with treatment); and *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ may consider inconsistency between an opinion and evidence of a claimant's level of activity; ALJ may reject an opinion based on discrepancy between the opinion and the doctor's description of the claimant and prescription of a conservative course of treatment).

The Court, finally, finds no error in the RFC limitation challenged by plaintiff. An RFC assessment need not account for limitations or impairments the ALJ properly rejected. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). Where the ALJ provided the necessary reasons for rejecting a claimant's symptom testimony, as in this case, the ALJ does not err in declining to account for limitations established only by the claimant's self-report. *Britton v. Colvin*, 787 F.3d 1011, 1013-14 (9th Cir. 2015). *Accord Bayliss*, 427 F.3d at 1217-18 ("In making his RFC determination, the ALJ took into account those limitations for which there was record support that did not depend on Bayliss's subjective complaints. Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary.") (citing SSR 96-8p).

An RFC finding need not, moreover, directly correspond to a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question.") As stated above, the ALJ determines the RFC. SSR 96-5p. In making the RFC assessment, the ALJ may incorporate the opinions of a doctor by assessing limitations entirely consistent with, but not identical to limitations assessed by the doctor. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

In this case, the ALJ properly considered plaintiff's symptoms and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical and other evidence in the record, and formulated an RFC supported by both the medical evidence and plaintiff's activities. (*See* AR 19-22.) The ALJ's finding plaintiff would be off-task and therefore non-productive and/or working at a slower pace up to seven percent of the workday is not reasonably construed as reflecting a results-oriented conclusion. Rather, the ALJ's finding of some degree of limitation in pace is supported by plaintiff's testimony of the impact of her symptoms on her functioning and consistent with the opinion of Dr. van Dam that plaintiff had a slightly slow pace. The ALJ's decision is both adequately explained and supported by substantial evidence.

B. <u>Absenteeism</u>

Plaintiff testified she missed two-and-a-half consecutive months of work at her last job (AR 39), that there are days when she cannot get out of bed due to pain (AR 47), that she used all of her sick days when she tried to go back to work in 2016 (AR 66-67), and, at a prior job, missed entire months on end during the school year (AR 68). She points to the VE's testimony missing one day of work a month would not be a problem, that two days a month could be a problem, and that three times a month would be a problem. (AR 80.) Plaintiff avers error in the ALJ's failure

to address this issue in the decision. She argues that, had he done so, she would have been found disabled based on her testimony, which is supported by her payment data.

This challenge fails for the same reasons discussed above. The ALJ rejected plaintiff's symptom testimony and plaintiff does not establish error in, or even raise a challenge to, that assessment. Plaintiff inadequately relies on her properly discounted testimony to support her assignment of error. Nor does the record otherwise support plaintiff's contention the RFC failed to account for attendance-related limitations. Dr. van Dam found no such limitations. (AR 101.) Dr. Singer found plaintiff only moderately limited in her ability to perform activities in a schedule, maintain regular attendance, and be punctual within customary tolerances. (AR 373.) Dr. Franklin did not address the issue of attendance beyond assessing a temporary limitation on work. (*See* AR 446-48.) The medical opinion evidence of record therefore provided the ALJ a reasonable basis to find no accommodation for attendance necessary.

## **CONCLUSION**

Plaintiff, in sum, does not identify error. The RFC properly includes the limitations supported by the record, the hypothetical posed to the VE accurately reflects the RFC (*see* AR 77-81), and "the ALJ properly relied on the testimony of the VE given in response to a hypothetical accurately reflecting the RFC." *Bayliss*, 427 F.3d at 1217. This matter is therefore AFFIRMED.

DATED this 14th day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 9